UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRIDGELUX, INC.,

    Plaintiff,

    v.

CREE, INC., et al.,

    Defendants.

_____/

No. C 06-6495 PJH

**ORDER DENYING MOTION FOR JURISDICTIONAL DISCOVERY**

Before the court is plaintiff's motion for an order permitting jurisdictional discovery. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court finds that the motion must be DENIED.

**BACKGROUND**

In this action for declaratory relief, plaintiff BridgeLux, Inc. ("BridgeLux") seeks a judgment of non-infringement and invalidity of United States Patent No. 6,657,236 ("the '236 patent"), owned by defendant Cree, Inc. ("Cree") and assigned to defendant Cree Lighting Co. ("CLC") (first and second causes of action); and a judgment of non-infringement and invalidity of United States Patent No. 5,686,738 ("the '738 patent"), owned by defendant Trustees of Boston University ("BU"), and exclusively licensed to Cree (third and fourth causes of action). In addition, BridgeLux seeks a judgment of non-infringement of United States Patent No. 6,600,175 ("the '175 patent"), owned by Cree (fifth cause of

action); United States Patent No. 6,953,703 ("the '703 patent"), owned by BU and exclusively licensed to Cree (sixth cause of action); United States Patent No. 6,614,056 ("the '056 patent"), owned by Cree and assigned to CLC (seventh cause of action); and United States Patent No. 6,885,036 ("the '036 patent"), owned by Cree (eighth cause of action).

On December 27, 2006, defendants filed a motion to dismiss, arguing that the first through fourth, seventh, and eighth causes of action should be dismissed under the first-to-file rule; that the fifth and sixth causes of action should be dismissed for lack of subject matter jurisdiction because plaintiff had alleged no actual controversy that could support declaratory judgment; and that BU should be dismissed from the case for lack of personal jurisdiction. Defendants subsequently advised that BU would consent to personal jurisdiction before this court solely for purposes of the present action.

BridgeLux now seeks an order permitting it to conduct jurisdictional discovery to establish facts supporting its claim that an actual controversy existed between the parties as of the date of the filing of the complaint, sufficient to support jurisdiction under the Declaratory Judgment Act.

## DISCUSSION

A.  Legal Standard

When a party challenges subject matter jurisdiction over a declaratory judgment action pursuant to Federal Rule of Civil Procedure 12(b)(1), the declaratory plaintiff bears the burden of proof. Spectronics Corp. v. H.B. Fuller Co., 940 F.2d 631, 633-34 (Fed. Cir. 1991).

Under the Declaratory Judgment Act, a federal court may "declare the rights and other legal relations of any interested party seeking such declaration," but only "[i]n a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a); see also Medimmune, Inc. v. Genentech, Inc., 127 S.Ct 764, 771 (2007).

Federal Circuit law governs the determination of whether an "actual controversy" exists under the Declaratory Judgment Act when the underlying merits of an action involve

1  patent infringement and/or validity.  <u>Foster v. Hallco Mfg. Co., Inc.</u>, 947 F.2d 469, 475 (Fed.
2  Cir. 1991).  The question is whether the facts alleged, "under all of the circumstances, show
3  that there is a substantial controversy, between parties having adverse legal interests, of
4  sufficient immediacy and reality to warrant the issuance of a declaratory judgment." <u>Sierra
5  Applied Sciences, Inc. v. Advanced Energy Industries, Inc.</u>, 363 F.3d 1361, 1372 (Fed. Cir.
6  2004).

7       The "actual controversy" requirement for a patent invalidity declaratory judgment
8  requires "both (1) an explicit threat or other action by the patentee, which creates a
9  reasonable apprehension on the part of the declaratory plaintiff that it will face an
10 infringement suit, and (2) present activity which could constitute infringement or concrete
11 steps taken with the intent to conduct such activity."  <u>Id.</u> at 1373 (quoting <u>BP Chemicals,
12 Ltd. v. Union Carbide Corp.</u>, 4 F.3d 975, 978 (Fed. Cir. 1993)); <u>see also</u> <u>Microchip
13 Technology Inc. v. Chamberlain Group, Inc.</u>,  441 F.3d 936, 942 (Fed. Cir. 2006).

14      The test for whether the plaintiff had a reasonable apprehension is objective, and
15 focuses on whether the defendant's conduct rose to a level sufficient to indicate an intent to
16 enforce its patents.  <u>Shell Oil Co. v. Amoco Corp.</u>, 970 F.2d 885, 888 (Fed. Cir. 1992).  This
17 test "requires more than the nervous state of mind of a possible infringer; it requires that
18 the objective circumstances support such an apprehension." <u>Phillips Plastics Corp. v. Kato
19 Hatsujou Kabushiki Kaisha</u>, 57 F.3d 1051, 1053-54 (Fed. Cir. 1995).  Although declaratory
20 relief is often proper in the infringement context, a potential infringer "cannot stretch the
21 [DJA] to give him a paramount right to choose the forum for trying out questions of
22 infringement and validity." <u>Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.</u>, 342 U.S. 180,
23 185 (1952).

24 B.    Motion for Jurisdictional Discovery

25      In their motion to dismiss, defendants assert that the court lacks subject matter
26 jurisdiction over the claims for declaratory relief as to the '175 and '703 patents because
27 BridgeLux did not file those claims based on a reasonable apprehension that it would be
28 sued for infringing those patents.

3

In the original complaint, BridgeLux alleged as follows:

> This action is brought to resolve the apprehension under which BridgeLux is forced to conduct its business in the United States as a result of Cree's pending infringement action and its additional threats to sue BridgeLux for infringement of certain patents purportedly owned and/or exclusively licensed by Cree.

Cplt, ¶ 12.

> On information and belief, Cree has informed at least one of BridgeLux's customers, both orally and in writing, that the LED products developed by BridgeLux are used in products that allegedly infringe not only the '236 and '738 patents, but also [the '175 and '703 patents]. On information and belief, Cree has also informed at least one customer of BridgeLux that a patent infringement lawsuit would be brought by Cree for allegedly infringing use of BridgeLux's LED products.

Cplt, ¶ 15.

> Cree and BU's filing of a patent infringement lawsuit against BridgeLux, in conjunction with Cree's allegations of infringement and threat of another lawsuit expressed to at least one of BridgeLux's customers, has created in BridgeLux a reasonable apprehension that [d]efendants will sue BridgeLux for patent infringement of the '236, '738, '175, and '703 patents.

Cplt, ¶ 18.

In their motion to dismiss, defendants argue that the fifth and sixth causes of action, seeking a declaratory judgment of non-infringement of '175 and '703 patents, should be dismissed because Cree and BU have never accused BridgeLux of infringing those patents, and have not threatened BridgeLux with a suit on those patents, either in a communication with BridgeLux or in a communication with a third party. Defendants assert that a declaratory judgment plaintiff must show that there exists an actual controversy between the parties that is ripe for adjudication, and that in the present case, BridgeLux cannot show the existence of an actual controversy sufficient to support jurisdiction under the DJA.

Defendants provide a declaration from a Cree executive, Scott S. Schwab, stating that Cree has never brought suit against any company on the '175 patent, and that Cree and BU have never brought suit against any company on the '703 patent. In addition, the declaration asserts, on information and belief, that no employee of Cree has ever told BridgeLux or a third party that BridgeLux infringed either the '175 or the '703 patent, and

4

that no employee of Cree has threatened BridgeLux with suit on those two patents. Defendants also provide a declaration from a BU Senior Associate Vice President, John F. Imbergamo, stating on information and belief, that no BU employee has ever told BridgeLux or a third party that BridgeLux infringed the '703 patent, and that no BU employee has threatened BridgeLux with suit on the '703 patent.

In conjunction with its opposition to the motion to dismiss, BridgeLux filed the present motion for jurisdictional discovery. BridgeLux originally sought jurisdictional discovery to oppose the motion to dismiss BU for lack of personal jurisdiction, and also to oppose the motion to dismiss the fifth and sixth causes of action ('175 and '703 patents) for lack of subject matter jurisdiction. However, defendants have indicated that BU will consent to personal jurisdiction before this court solely for purposes of this litigation.

BridgeLux argues that it should be permitted to take jurisdictional discovery to rebut the assertion of the Cree and BU declarants that Cree did not threaten BridgeLux's customers, thereby causing reasonable apprehension that Cree would assert the '175 and '703 patents.

In support of its motion, BridgeLux has submitted a declaration from its CEO, Robert C. Walker, stating that one of BridgeLux's Asian customers said that Cree had warned that the customer's lighting products (which incorporated BridgeLux's LED chips) infringed Cree's patents.[1] It was based on this "threat" that BridgeLux asserted that it had a reasonable apprehension that defendants would sue it for infringement of the '175 and '703 patents.

Because defendants have challenged the factual basis of BridgeLux's assertion of jurisdiction under the DJA with regard to the '175 and '703 patents, BridgeLux must establish that at the time it filed this declaratory action on Cree's '175 and '703 patents, it

---

[1] According to BridgeLux's CEO, one of BridgeLux's Asian-based customers told BridgeLux that in April 2006, Cree management approached the customer's booth at a trade fair in Germany, and told the customer that if it was not using Cree's chips in its lighting products, it was infringing Cree's patents. This same customer allegedly told BridgeLux in June 2006 that Cree had sent it a warning letter asserting Cree's '738, '236, '175, and '703 patents.

5

had an objective, reasonable apprehension of being sued for patent infringement on those patents. In their opposition to the motion, defendants argue that because all the information relating to this standard is solely in BridgeLux's possession, BridgeLux does not require, and should not be granted, jurisdictional discovery.

In reply, BridgeLux argues that at the time it filed the present complaint it had a reasonable apprehension that Cree intended to sue for infringement of the '175 and '703 patents. The basis of this apprehension, as alleged in the complaint, was that Cree employee(s) had allegedly advised one of BridgeLux's customers that BridgeLux's products infringed the '175 and '703 patents.[2] According to BridgeLux, the customer does not want to get drawn into the litigation and has not sent BridgeLux a copy of the letter. BridgeLux also does not want to name the customer unless it can do so under the provisions of a protective order.

BridgeLux asserts that because defendants rely on a declaration from a Cree executive, stating that Cree's employees never threatened BridgeLux or any third party that Cree would assert the '175 or '703 patents – a claim that controverts the jurisdictional facts alleged in BridgeLux's complaint – defendants' subject matter jurisdiction challenge is a factual challenge, not a facial one. Thus, BridgeLux contends, it should be entitled to discovery so it can refute Cree's claim. BridgeLux argues that unless it is permitted to obtain such facts, the court will be left with a conflicting record on which to decide defendants' motion to dismiss.

BridgeLux asserts that it seeks limited jurisdictional discovery sufficient to rebut Cree's representation that it never threatened BridgeLux's customer. BridgeLux contemplates "a short set of document requests and interrogatories, and possibly a few depositions of Cree employees who made or witnessed Cree's verbal threats to BridgeLux's customer, or who have knowledge of the warning letter that Cree allegedly

---

[2] BridgeLux also claims that it sent Cree a letter in January 2007 requesting Cree, if it is not asserting the '175 and '703 patents against BridgeLux, to provide an unqualified representation to that effect. BridgeLux contends that Cree has not done so.

6

sent to the customer."

Defendants claim that the only information that is relevant to whether BridgeLux had a reasonable apprehension of suit is information that was known to BridgeLux at the time it filed suit. Defendants cite to two decisions from this district, denying a declaratory judgment plaintiff's request for jurisdictional discovery, on the basis that the facts giving rise to jurisdiction over a declaratory judgment action should be found in the complaint. See SanDisk Corp. v. Audio MPEG, Inc., 2007 WL 30598 at *6 (N.D. Cal., Jan. 3, 2007); Oracle v. Teilhard Techs., Inc., No. C 06-2889 SI (N.D. Cal., Sept. 9, 2006).

The court finds that the motion for jurisdictional discovery must be DENIED. When a court considers whether it has subject matter jurisdiction under the DJA, the question is whether there has been an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and whether there is present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity. Sierra Applied Sciences, 363 F.3d at 1373. The facts giving rise to jurisdiction over a declaratory judgment action "should be found in the complaint." Int'l Med. Prosthetics Research Assocs., Inc. v. Gore Enter. Holdings, Inc., 787 F.2d 572, 576 n.8 (Fed. Cir. 1986). Thus, BridgeLux should have had that information in its possession before it filed an action for declaratory relief. It cannot file the action and then seek discovery to establish that it was entitled to file the action.

**CONCLUSION**

In accordance with the foregoing, the court hereby DENIES plaintiff's motion for jurisdictional discovery.

Defendants' request that the court reinstate their motion to dismiss is GRANTED. The court will consider the papers filed by the parties in support of and in opposition to the motion, and will issue a written decision. There will be no hearing.

To the extent that either plaintiff or defendants wish to supplement their argument with a discussion of the standard for determining the existence of an "actual controversy"

7

set forth in the Supreme Court's recent opinion in Medimmune, they may do so in briefs not to exceed four pages, filed by defendants no later than February 22, 2007, and filed by plaintiff no later than February 29, 2007. No such argument is required, and no other issues are to be argued in any supplemental brief.

Finally, for future reference, counsel for plaintiff BridgeLux are reminded that the Civil Local Rules of this court prohibit the use of font size smaller than 12 point in both the text and the footnotes of briefs. See Civ. L.R. 3-4(c)(2). The court expects all counsel to familiarize themselves with the local rules.

**IT IS SO ORDERED.**

Dated: February 15, 2007

PHYLLIS J. HAMILTON
United States District Judge